Jill O. Gibson, OSB #973581
jgibson@lynchconger.com
Benjamin R. Becker, OSB #103358
bbecker@lynchconger.com
**LYNCH CONGER LLP**
15350 SW Sequoia Pkwy, Ste 250
Portland, Oregon  97224
Telephone: (541) 383-5857
Fax: (541) 383-3968

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JANET NEWCOMB**, an individual; **JERRY MASON,** an individual; and **METRO MULTIFAMILY HOUSING ASSOCIATION,** an Oregon nonprofit organization, dba, **MULTIFAMILY NW**, <br><br> Plaintiffs, <br><br> v. <br><br> **CITY OF PORTLAND,** an Oregon municipal corporation, <br><br> Defendant. | Case No.: _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE UNITED STATES CONSTITUTION (42. U.S.C. § 1983, 1988)** |

For their complaint, Plaintiffs Janet Newcomb, Jerry Mason, and Metro Multifamily Housing Association dba Multifamily NW allege as follows:

### INTRODUCTION

**1.**

This civil rights action challenges two municipal ordinances passed by defendant City of Portland.  On June 19, 2019, the Portland City Council passed Portland City Code Section

Page 1 -    COMPLAINT

30.01.086 by Ordinance 189580 (the "Screening Ordinance") and passed Portland City Code Section 30.01.087 by 189581 (the "Security Deposit Ordinance"), collectively "the Ordinances." The Screening Ordinance is lengthy and complex, requiring residential property lessors ("landlords") to screen applicants for tenancy pursuant to restrictive and unreasonable requirements. For example, landlords must publicize a rental unit's availability 72 hours prior to processing applications and must accept expired, non-governmental identification. The Screening Ordinance also prohibits landlords who use the "low barrier" screening process from denying applicants for poor criminal history, credit history, or rental history. The Security Deposit Ordinance requires landlords to, among other things, separately list and attach a depreciation value to each item covered by a security deposit.

2.

The Ordinances violate the Oregon and United States Constitution in at least four ways. First, the Ordinances violate free speech protections because they prohibit plaintiffs from speaking to applicants during a 72-hour black out period. The Ordinances also force plaintiffs to follow a certain script when advertising and send City-written notices to applicants and tenants. Second, because the Ordinances are overly vague and fail to inform plaintiffs how to comply with all the new requirements, the Ordinances violate the Oregon Constitution and the Due Process Clause of the United States Constitution. Third, the Ordinances violate the Due Process Clause because they impose arbitrary regulations that have no substantial relation to the public health, safety, or welfare. Fourth, the Ordinances conflict with the Oregon Residential Landlord Tenant Act, ORS Chapter 90, and are thus preempted by state law.

## BACKGROUND

3.

Plaintiffs are Portland landlords who own and manage rental units throughout the city. They, collectively, own and rent out all types of housing: government assisted housing; workforce housing; and high-end housing. Plaintiffs take great pride in providing clean, safe, quality rentals in a non-discriminatory manner to families and individuals who cannot afford to be homeowners. Plaintiffs are suing the City of Portland because it has passed laws that make management of rental housing so costly, burdensome, and risky that plaintiffs will have to either raise rents – to cover the additional costs and risks – or sell their rentals. Plaintiffs are also suing the city because the new laws violate their civil rights of free speech and due process. Additionally, plaintiffs are already regulated by federal and state law, which preempts the city's conflicting new law. Plaintiffs are concerned that the city's additional layer of unreasonable, unconstitutional governmental regulations will drive out landlords, which will result in reducing the supply of rental units and increasing rents in Portland.

4.

Plaintiffs seek declaratory relief and to permanently enjoin enforcement and implementation of the Ordinance.

## JURISDICTION

5.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) because it arises under the First and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. § 1343, because plaintiffs seeks redress of their civil rights. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil

Page 3 -    COMPLAINT

Procedure, based thereon. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiffs' state law claims because the same case and controversy gives rise to violations of the Oregon Constitution.

## VENUE

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arose in this judicial district and division and the City of Portland is a municipal corporation in this judicial district and division. Assignment to the Portland Division is proper because the City of Portland is located in Multnomah County, which falls under the divisional venue of the Portland Division.

## PARTIES

7.

Plaintiff Janet Newcomb ("Plaintiff Newcomb") is a resident of Nevada and owns and operates nineteen rental units within the City of Portland. Plaintiff Newcomb owns these units in her personal capacity and personally manages the units.

8.

Plaintiff Jerry Mason is an Oregon resident and member of Westland Partner's LLC, an Oregon limited liability company that owns and manages 62 rental units within the City of Portland.

9.

Plaintiff Metro Multifamily Housing Association is an Oregon nonprofit organization, dba, Multifamily NW ("Plaintiff Multifamily NW"), created to represent the interests of residential property owners and vendors. Its members own and manage over 30,000 rental units within the City of Portland and these members are subject to the Ordinances. Plaintiff

Page 4 -        COMPLAINT

Multifamily NW sponsors educational courses and provides compliance services to its members to assist in their efforts to comply with state and federal requirements. Plaintiff Multifamily NW advocates for rental property owners before state and local governmental entities.

10.

Defendant City of Portland (the "City") is an Oregon municipal corporation subject to the limitations on home rule authority contained in Article XI, section 2, of the Oregon Constitution. The City is subject to the personal jurisdiction of this Court, pursuant to Federal Rule of Civil Procedure 4(k)(1)(A). At all pertinent times, the City was acting under color of law.

FACTS

11.

The Screening Ordinance and the Security Deposit Ordinance go into effect on March 1, 2020. True copies of these ordinances are attached in incorporated herein as Exhibits 1 and 2, respectively.

12.

The Screening Ordinance imposes burdensome and unreasonable requirements on Plaintiffs Newcomb, Mason, and Plaintiff Multifamily NW's members (collectively "the plaintiffs"). Those requirements include, but are not limited to, the following:

    a.    Requires landlords to publish notice 72 hours prior to processing applications;

    b.    Prohibits landlords from processing applications for 72 hours after publishing notice;

    c.    Requires landlords to process applications in specific order of receipt;

    d.    Requires landlords to penalize early applications by 8 hours after the 72-hour black out period is over;

    e.    Requires landlords to accept expired and non-governmental identification of applicants;

    f.    Prohibits landlords from requiring gross income in an amount more than 2 or 2.5 times the monthly rent;

    g.    Requires landlords to screen applicants pursuant to either a "low barrier" or "individual assessment";

    h.    Prohibits landlords from considering certain criminal history, credit history, and rental history in "low barrier" screening;

    i.    Requires landlords to offer appeals for 30 days to all denied applicants and to rent to any applicant with a granted appeal at any of landlord's properties, regardless of whether the applicant financially qualifies;

    j.    Requires landlords to send multiple City-written forms and notices to applicants with strict deadlines;

    k.    Prohibits landlords from screening "non-applicant tenants" for financial responsibility;

    l.    Requires landlords to house "non-applicant tenants" without putting them on the lease with any financial requirements;

    m.    Requires landlords to pay $250 per violation of the Ordinance, plus attorney fees and costs if sued for "any" violation.

**13.**

The Screening Ordinance's requirements and prohibitions listed in paragraph 12 above conflict with the Oregon Residential Landlord Tenant Act, ORS Chapter 90 ("ORLTA"), specifically ORS 90.303 ("Evaluation of applicant") and ORS 90.304 ("Statement of reasons for

Page 6 -    COMPLAINT

denial; remedy for noncompliance"). These state statutes give all landlords the right to deny applicants for unacceptable criminal history, rental history, or credit history, without being required to do a cumbersome individual assessment for each applicant. Under state law, landlords are not required to rent to any applicant with a granted appeal at any of landlord's properties, regardless of whether the applicant financially qualifies. State law also gives landlords discretion to review applications when received.

14.

The Security Deposit Ordinance will impose burdensome and arbitrary requirements on plaintiffs. Those requirements include, but are not limited to, the following:

    a.    Requires landlords to make all repairs within 30 days in order to use security deposit;

    b.    Requires landlords to attach a list of every item in the unit, with the item's depreciation value schedule, in order to use a security deposit to repair the item;

    c.    Requires disputes to be resolved in tenant's favor;

    d.    Requires landlords to send multiple City-written forms and notices to tenants with strict deadlines; and

    e.    Requires landlords to pay double the amount of the security deposit, plus attorney fees and costs if sued for "any" violation.

15.

The Security Deposit Ordinance's requirements and prohibitions listed in paragraph 14 above conflict with ORLTA, specifically ORS 90.300 ("Security deposits; prepaid rent"). This state statutes give landlords broad discretion to reasonably use security deposits to repair damage caused by tenants.

Page 7 -      COMPLAINT

16.

Plaintiffs own rental units within the City, which they rent and manage under ORLTA. Plaintiffs have in the past screened applicants and used security deposits pursuant to their rights under state and federal law, and plaintiffs plan to do so in the future.

17.

The Ordinances force the plaintiffs to speak and to carry the City's messages and also prohibit plaintiffs from speaking to applicants during the 72-hour black out period, in violation of the free speech protections of the First Amendment of the United States Constitution and Article 1, section 8, of the Oregon Constitution.  The City is liable under 42 U.S.C. § 1983 for this free speech violation.

18.

Sections of the Ordinances impose financial and administrative burdens which are arbitrary, unreasonable, and have no substantial relation to the public health, safety, morals, or general welfare, in violation of substantive due process under Section 1 of the Fourteenth Amendment of the United States Constitution, and the City is therefore liable under 42 U.S.C. § 1983.  The Due Process Clause prohibits the City from "depriv[ing] any person of life, liberty, or property, without due process of law."

19.

The Ordinances are vague and fail to inform plaintiffs and other landlords how to comply with the Ordinances, in violation of the Fourteenth Amendment of the United States Constitution, and the City is therefore liable under 42 U.S.C. § 1983.  The Ordinance's vagueness also violates Article 1, section 8, of the Oregon Constitution.

Page 8 -     COMPLAINT

**20.**

Plaintiffs are adversely affected by the City's ongoing implementation and impending promulgation of the Ordinances, which restrict and eliminate plaintiffs' statutory and constitutional rights as landlords.  Due to the City's ongoing implementation and impending promulgation of the Ordinances, plaintiffs are currently attending training and studying in order to understand their obligations under the Ordinances, changing their businesses practices in order to comply with the Ordinances, considering selling their rental properties, and experiencing a decrease in the value of their rental units.

## CAUSES OF ACTION
## COUNT I – DECLARATORY JUDGMENT

**21.**

Plaintiffs repeat and reallege the allegations contained in paragraphs 1- 20 as if fully stated herein.

**22.**

An actual controversy has arisen between the parties of sufficient immediacy and realty to warrant issuance of a declaratory judgment.  Plaintiffs contend the Ordinances are unconstitutional, preempted, void, and unenforceable.  The City contends that the Ordinances are valid and enforceable.

**23.**

The City is a "person" as that term is used in 42 U.S.C. § 1983.

**24.**

Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, plaintiffs are entitled to a declaration that the Ordinances are invalid and unenforceable because

they violate the state and federal constitutions and are preempted by state law. Plaintiffs request the Court to declare the following:

    a.    The Screening Ordinance violates plaintiffs' free speech protections of the First Amendment of the United States Constitution and Article 1, section 8, of the Oregon Constitution;

    b.    The following provisions violate plaintiffs' substantive due process rights under Section 1 of the Fourteenth Amendment of the United States Constitution:

        i.    PCC 30.01.086(C)(1)(a) and (2)(a)(2)

        ii.    PCC 30.01.086(D)(1)(f) and (g); and

        iii.    PCC 30.01.087(C)(1)-(3);

    c.    The Ordinances violate plaintiffs' due process rights under the Fourteenth Amendment of the United States Constitution and Article I, sections 20 and 21, of the Oregon Constitution because they are vague; and

    d.    The Ordinances are preempted by ORTLA.

## COUNT II – MANDATORY INJUNCTION

### 25.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1- 24 as if fully stated herein.

### 26.

By passing the Ordinances, the City has made the prohibitions and requirements therein applicable to the plaintiffs. Plaintiffs face the real and immediate threat of irreparable harm to their free speech rights by virtue of being forced to speak and carry the City's messages and being prohibited from speaking to potential applicants during a 72-hour black out period. Plaintiffs also face the real and immediate threat of irreparable harm of having their substantive

due process rights violated by the arbitrary and vague Ordinances. The Ordinances threaten severe penalties should plaintiffs attempt to comply with paramount state law rather than the Ordinances; thus, plaintiffs will be forced to abandon their statutory rights under ORLTA to screen and use security deposits in a reasonable manner to protect their property and interests.

27.

Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to permanent injunctive relief barring the City from continuing to take action to implement the Ordinances and make them effective.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment as follows:

A. Declaring Ordinances 189580 and 189581 (which enacted PCC 30.01.086 and PCC 30.01.087, respectively) to be invalid and unenforceable because they violate the United States and Oregon Constitutions and are preempted by Oregon law.

B. Granting permanent injunction and enjoining the City from taking any action to implement PCC 30.01.086 and PCC 30.01.087 and making the Ordinances effective.

C. Awarding plaintiffs their costs, reasonable attorney fees, and disbursements incurred herein pursuant to 42 U.S.C. § 1988 or other appropriate statutes.

    D.  Granting any other relief that the Court deems just and proper.

DATED this 20th day of February, 2020.

                           LYNCH CONGER LLP

               By:   *s/Jill O. Gibson*
                     Jill O. Gibson, OSB #973581
                     jgibson@lynchconger.com
                     Benjamin R. Becker, OSB #103358
                     bbecker@lynchconger.com

                     Attorneys for Plaintiffs